UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA PUCCINO, ET AL., | : |
|     Plaintiffs, | : |
| | : |
| v. | :    3:09-cv-1551 (CFD) |
| | : |
| SNET INFORMATION SERVICES, INC., | : |
|     Defendant. | : |

## RULING ON DISMISSAL OF COUNTS TWO THROUGH EIGHT

Plaintiffs Tara Puccino, Tammy Sherwood, Michael Hawes, Carol Deaso, William Holodak, Laura Rosler, Katherine Winner, Christine Mieszkowski, John Thomas Richeson, Stephen Signor, and Tracy Sutcliffe (collectively, the "Plaintiffs") brought this eight-count action against defendant Southern New England Telephone Information Services, Inc. ("SNET"). On September 30, 2011, this Court granted SNET's motion for summary judgment based on federal labor law preemption of Count One, and requested that the parties submit supplemental memoranda discussing whether the Court should dismiss Counts Two through Eight of the Plaintiffs' complaint with or without prejudice.

Plaintiffs originally brought an eight-count complaint against AT&T Corporation. AT&T Corporation moved for the substitution of SNET as the party defendant. Another Court in this District granted the motion to substitute party defendant because the Plaintiffs were employed by SNET, not AT&T Corporation, and ordered the Plaintiffs to file an amended complaint pleading facts sufficient to establish the court's subject matter jurisdiction. The Plaintiffs instead filed a notice of voluntary dismissal of their entire complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). See Pls.' Notice of Voluntary Dismissal, Sept. 10, 2009, Case No. 3:09-cv-660

(CSH), ECF No. 25.  That action was dismissed on that basis.  On the same day, the Plaintiffs filed an identical eight-count complaint against SNET in the Connecticut Superior Court, which was removed to this Court and constitutes the instant action.

In response to SNET's motion to dismiss or, in the alternative, for summary judgment (Dkt. # 17), the Plaintiffs filed a notice of voluntary dismissal of Counts Two through Eight without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) (Dkt. # 24-5).[1]  The Court denied SNET's motion to dismiss, without prejudice, and allowed SNET to file a motion for summary judgment, which the Court granted as to Count One.  In its summary judgment motion, SNET argues that the Court should dismiss Counts Two through Eight *with* prejudice because the Plaintiffs previously voluntarily dismissed these same counts in their prior federal court action and, thus, the Plaintiffs' second notice of dismissal should operate as an "adjudication on the merits."  See Fed. R. Civ. P. 41(a)(1)(B) ("But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.").  Plaintiffs argue that their withdrawal should be without prejudice because the Plaintiffs have filed only one withdrawal (without a court order) in the case before the Court.

The Court finds that the Plaintiffs should have moved to dismiss Counts Two through Eight by amending their complaint under Fed. R. Civ. P. 15(a), rather than filing a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1).[2]  Rule 41(a) permits voluntary dismissal of an entire action, meaning the totality of all component claims asserted against a single defendant.

---

[1] SNET did not file an answer in this action.

[2] Although the Court asked for supplemental briefing, both parties failed to identify and address this issue.

See Fed. R. Civ. P. 41(a); Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122, 129 (D. Conn. 2005). "[A] plaintiff wishing to eliminate some but not all claims or issues from the action should amend the complaint under Fed. R. Civ. P. 15(a), rather than dismiss under Fed. R. Civ. P. 41(a)." Vogel, 371 F. Supp. 2d at 129 (citing Moore's Federal Practice § 41.21[2] (Matthew Bender 3d Ed. 2004)).

Here, the Plaintiffs filed a notice of voluntary dismissal of Counts Two through Eight in their opposition to the Defendant's motion to dismiss. Because the Plaintiffs did not withdraw their entire action against SNET, only seven of the eight counts, the Plaintiffs should have attempted to amend their complaint pursuant to Rule 15(a). Accordingly, the Court construes the Plaintiffs' notice of voluntary dismissal as an amendment as a matter of course under Rule 15(a)(1). See Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir. 1985) (stating that it is clear that a district court may permit withdrawal of a claim under Rule 15, subject to the same standard of review as a withdrawal under Rule 41(a)).

Thus, because the Plaintiffs' second "notice of dismissal" was not a Rule 41(a)(1) dismissal, the Court will not dismiss Counts Two through Eight with prejudice under Rule 41(a)(1)(B). See Loubier v. Modern Acoustics, Inc., 178 F.R.D. 17, 20 (D. Conn. 1998) ("The plain language of Rule 41(a) indicates that the two-dismissal rule will apply only when the second action . . . was voluntarily dismissed by notice.").

Accordingly, the Plaintiffs have deleted Counts Two through Eight from their complaint, and the Court denies the Defendant's request to dismiss these counts with prejudice. Because the Court has granted summary judgment in favor of the Defendant on the only other count, Count One, the Clerk is ordered to close this case.

SO ORDERED this  14th  day of November 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**